THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCH REED, *et al.*,

        Plaintiffs,

    v.

GENERAL MILLS, INC., *et al.*,

        Defendants.

CASE NO. C19-0005-JCC

ORDER

This matter comes before the Court on the parties' stipulated protective order (Dkt. No. 43). The Court ENTERS the following:

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following stipulated protective order. The parties acknowledge that this agreement is consistent with Local Civil Rule 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

//

2. DEFINITIONS

    2.1   "CONFIDENTIAL" Information or Items. "Confidential" material may include the following documents and tangible things produced or otherwise exchanged: (1) Plaintiffs' personal information (including, but not limited to, social security numbers, credit card numbers, account numbers, and health information); (2) drafts of advertisements; (3) drafts of marketing material; (4) drafts of product packaging and/or labels; (5) organizational charts, including, but not limited to, information reflecting any relationship between General Mills, Inc. and Small Planet Foods; (6) any agreements between General Mills, Inc. and/or Small Planet Foods, Inc. and any third-party; (7) communications between General Mills, Inc. and/or Small Planet Foods, Inc., and any federal or state regulatory agency regarding the Cascadian Farm-branded products; (8) documents or communications relating to the agricultural output of the Home Farm; and (9) any information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    2.2   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. "Highly Confidential – Attorneys' Eyes Only" material may include: (1) trade secrets; (2) pricing lists; (3) financial information (including, but not limited to, documents or communications regarding sales and/or profits); (4) lists of retailers and/or wholesalers; (5) customer lists; (6) consumer inquires and/or complaints; (7) personal information of any General Mills, Inc. or Small Planet Foods, Inc. employee or contractor (including, but not limited to, social security numbers, credit card numbers, and account numbers); (8) consumer research; (9) documents reflecting marketing and/or sales strategy (including any internal memoranda relating to any marketing or sales material or campaign); (9) documents relating to the source of ingredients in Cascadian Farm-branded products; (10) marketing research; (11) board meetings or minutes of board meetings; (12) internal documents or communications relating to any law or standard that governs the labels of the Cascadian Farm-branded products; (13) communications discussing or describing such material; (14) and any other information the disclosure of which to

1 another party or non-party would create a substantial risk of serious harm that could not be
2 avoided by less restrictive means.

3     2.3    <u>Protected Material</u>. Any discovery material that is designated as
4 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5 3.    <u>SCOPE</u>

6     The protections conferred by this agreement cover not only Protected Material (as
7 defined above), but also (1) any information copied or extracted from confidential material; (2)
8 all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,
9 conversations, or presentations by parties or their counsel that might reveal confidential material.

10     However, the protections conferred by this agreement do not cover information that is in
11 the public domain or becomes part of the public domain through trial or otherwise.

12 4.    <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

13     4.1    <u>Basic Principles</u>. A receiving party may use Protected Material that is disclosed or
14 produced by another party or by a non-party in connection with the case captioned *Reed, et al. v.*
15 *General Mills, Inc., et al.*, Case No. 19-cv-00005 (W.D. Wash. 2019), only for prosecuting,
16 defending, or attempting to settle this litigation. Protected Material may be disclosed only to the
17 categories of persons and under the conditions described in this agreement. Protected Material
18 must be stored and maintained by a receiving party at a location and in a secure manner that
19 ensures that access is limited to the persons authorized under this agreement.

20     4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise
21 ordered by the Court or permitted in writing by the designating party, a receiving party may
22 disclose any Confidential material only to:

23     (a)    the receiving party's counsel of record in this action, as well as employees
24 of counsel to whom it is reasonably necessary to disclose the information for this litigation;

25     (b)    the officers, directors, and employees (including in-house counsel) of the
26 receiving party to whom disclosure is reasonably necessary for this litigation;

(c) the named plaintiffs in this action when disclosure to them is reasonably necessary for this litigation;

(d) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court, court personnel, and court reporters and their staff;

(f) copy or imaging services retained by counsel to assist in the duplication of Confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any confidential material;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Highly Confidential material only to:

(a) the receiving party's outside counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

        (b)     designated in-house counsel of the receiving party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

        (c)     experts of the receiving party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (3) who are not currently or anticipated to become officers or directors of a competitor of a party, and (4) who have not been the employee of the opposing party within the last three years;

        (d)     experts of the producing party may be shown or examined on any information, document, or thing designated by the producing party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY;"

        (e)     the Court and its personnel;

        (f)     court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

        4.4     <u>Filing Protected Material</u>. Before filing Protected Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to

file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

4.5  Discussion and Consultation with Clients of Filings. If necessary to inform the receiving party about the issues in the case, counsel for the receiving party may discuss with his or her client (or in the case of a corporate client, an officer or employee thereof) the content of pleadings, briefs, and/or documents filed with the Court or prepared for mediation that refer to information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" provided that the client, officer, or employee has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A). Nothing in this provision shall be read to permit counsel for the receiving party to share with his or her client copies (whether printed, digital, or otherwise) of information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or copies (whether printed, digital, or otherwise) of information or items that refer to material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." In the event that pleadings, briefs, and/or other documents filed with the Court refer to information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the receiving party may request that the designating party prepare a version of such pleading, brief, and/or other document redacting only the information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," solely for the purpose of receiving counsel providing to its client (or in the case of a corporate client, an officer, or employee thereof) copies of said pleading, brief, and/or other document filed with the Court, provided that the client, officer, or employee has signed an "Acknowledgment and Agreement to Be Bound" (Exhibit A).

5.  DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take

care to limit any such designation to specific material that qualifies under the appropriate standards. Notwithstanding the above, the designating party need not partially designate documents and may instead designate an entire document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The designating party will agree to entertain good faith requests to de-designate non-confidential portions.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. The parties acknowledge that designations, or failures to designate, can sometimes be inadvertent. The parties agree to cooperate to resolve any issues arising from confidentiality designations.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

(b)     <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other

testimony after reviewing the transcript. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the designating party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days from receipt of the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this stipulated protective order. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pretrial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of Protected Material at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding designations of Protected Material without court involvement. Any motion regarding

confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that party must:

      (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

      (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

      (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Federal Rule of Evidence 502(d) as set forth herein.

## 10. NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts, and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. The parties will use their best efforts to delete Protected Material from all document review/management programs and will use their best efforts to destroy any hard copies made of confidential information, as well as confidential ESI stored in other locations.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence,

deposition and trial exhibits, expert reports, attorney work-product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

| | | |
|---|---|---|
| 1 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD. | |
| 2 | DATED: August 22, 2019 | |
| 3 | *s/Stephen M. Raab* | *s/Lauren Watts Staniar* |

Stephen M. Raab, WSBA No. 53004
**Gutride Safier LLP**
113 Cherry Street, #55150
Seattle, WA 98140-2205
Telephone: (415) 639-9090 x109
stephen@gutridesafier.com

Marie A. McCrary, Esq., *pro hac vice*
**Gutride Safier LLP**
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469
marie@gutridesafier.com

*Attorneys for Plaintiffs*

Charles C. Sipos, WSBA No. 32825
Lauren Watts Staniar, WSBA No. 48741
Mica Klein, WSBA No. 46596
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: CSipos@perkinscoie.com
　　　　LStaniar@perkinscoie.com
　　　　MicaKlein@perkinscoie.com

David T. Biderman, *pro hac vice*
**Perkins Coie LLP**
1888 Century Park East
Los Angeles, CA 90067
Telephone: 310.788.9900
Facsimile: 206.359.9000
Email: DBiderman@perkinscoie.com

*Attorneys for Defendants General Mills, Inc. and Small Planet Foods, Inc.*

ORDER
C19-0005-JCC
PAGE - 12

1. PURSUANT TO STIPULATION, IT IS SO ORDERED.

2. IT IS FURTHER ORDERED that pursuant to Federal Rule of Evidence 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 10th day of September 2019.

*/s/ John C. Coughenour*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on \_\_\_\_\_ [date] in the case of *Reed v. General Mills*, C19-0005-JCC (W.D. Wash. 2019). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____