THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCH REED et al., | CASE NO. C19-0005-JCC |
| Plaintiffs, | ORDER |
| v. | |
| GENERAL MILLS, INC. et al., | |
| Defendants. | |

This matter comes before the Court on the parties' agreement regarding discovery of electronically stored information ("ESI") (Dkt. No. 42). The Court ENTERS the following:

**A.  General Principles**

    1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

    2.    The proportionality standard set forth in Federal Rule of Civil Procedure 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

    3.    Nothing herein shall relieve the parties of any obligations they may have to search

for responsive documents in hard copy form.

**B.     ESI Disclosures**

Two weeks after entry of this order, the parties shall disclose:

1.     <u>The Status of Custodian Selections</u>. The parties acknowledge that custodian selection will benefit from thorough and expeditious investigation, which is ongoing at the time of this filing. The parties agree to report on the status of custodian selection two weeks after the entry of this order, and further agree to keep each other apprised as custodian selection unfolds. As soon as practicable, but no later than September 13, 2019, the parties will disclose the five custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control. The parties shall limit their document collection to these custodians in the first instance; they agree to entertain reasonable requests for additional, non-overlapping custodians after the parties have had an opportunity to review the document productions from the five custodians selected and assess whether there are additional custodians whose files are likely to contain appreciable volumes of unique, responsive documents.

2.     <u>Non-custodial Data Sources</u>. A list of non-custodial data sources (e.g., shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.     <u>Third-Party Data Sources</u>. A list of third-party data sources, if any, likely to contain discoverable ESI (e.g., third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.     <u>Inaccessible Data</u>. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Federal Rule of Civil Procedure 26(b)(2)(B).

//

**C.     Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (C)(3) or (D)(1)–(2) below).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

   a. Deleted, slack, fragmented, or other data only accessible by forensics.

   b. Random access memory ("RAM"), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

   c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

   d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

   e. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

   f. Server, system. or network logs.

   g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

  h. Electronic data (e.g., email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**D. Privilege**

  1. With respect to privileged or work-product information involving either (1) counsel of record in this action generated after the filing of the complaint or (2) in-house attorneys generated after the filing of the complaint and in connection with this action, parties are not required to include any such information in privilege logs. The parties are required to log any privileged or work-product information generated after the filing of the complaint if the information does not constitute a communication to or from in-house counsel or counsel of record in this action.

  2. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Federal Rules of Civil Procedure 26(b)(3)(A) and (B).

  3. A receiving party is under a good-faith obligation to notify a producing party upon identification of a document that appears on its face or in light of facts known to the receiving party to be potentially privileged. If the receiving party notifies the producing party of the potential inadvertent production of privileged information, or if a producing party otherwise discovers that privileged or work-product information has been inadvertently produced, the producing party must provide notice to the receiving party of the inadvertent production within 15 days of such discovery. Upon receiving notice of an inadvertent production of privileged or work-product information, the receiving party shall immediately return the information to the producing party and remove all copies of the information from the database(s), folder(s), e-mail inboxes and outboxes, and/or other location(s) in which the receiving party stores the documents received from the producing party. Its production shall not constitute a waiver of such protection,

if the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production. Nothing in this provision shall waive the receiving party's right to challenge the producing party's claim that the information constitutes privileged or work-product information.

    4.    <u>Privilege Log Based on Metadata</u>. The parties agree that privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names, the subject matter, or title and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure.

**E.    ESI Discovery Procedures**

    1.    <u>On-site inspection of electronic media</u>. Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

    2.    <u>Search methodology</u>. The parties shall timely attempt to reach agreement on appropriate search terms and queries, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms, queries, and/or computer- or technology-aided methodology. Upon reasonable request, the parties shall entertain informal questions about its e-discovery process, including information technology issues, preferably from a qualified information technology professional so that time is not spent educating counsel on issues that are not relevant or central to the producing party's document production effort.

    3.    <u>Production Media</u>. The parties shall produce documents on external hard drives, via secure link, FTP, email, or readily accessible computer or electronic media (e.g., CDs, DVDs) ("Production Media"). The producing party shall provide the receiving party with

information necessary to decrypt any productions by a separate e-mail or letter.

4. <u>Format</u>.

a. The parties agree that ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, should be produced in native format.

b. Each document image file shall be named with a unique Bates Number (e.g., the unique Bates Number of the page of the document in question, followed by its file extension). File names should not be more than 20 characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI (i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history). The parties shall produce their information in the following format: single-page images and associated multi-page text files containing extracted text or with appropriate software load files containing all requisite information for use with the document management system (e.g., Concordance® or Summation®), as agreed to by the parties.

c. The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (e.g., the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

d. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

Parent-child relationships (association between an attachment and its parent document) shall be preserved in a manner that allows the parent-child relationships to be apparent. The parent and attachment(s) shall be given sequential Bates numbers, with the first attachment being named with the next sequential number after the parent, and any additional attachment(s) sequentially numbered after that first attachment.

5. <u>De-duplication</u>. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party.

6. <u>Metadata fields</u>. If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced: document type; custodian and duplicate custodians; author/from; recipient/to, cc, and bcc; title/subject; file name and size; original file path; date and time created, sent, modified, and/or received; and hash value.

**F.    Modifications and Disputes**

This order may be modified by a stipulated order of the parties or by the Court for good cause shown. If the parties cannot resolve any disagreements regarding modifications or disputes regarding production of ESI after meeting and conferring in good faith, then the parties may submit their competing proposals and a summary of the dispute to the Court pursuant to the Court's applicable procedures for discovery disputes.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: <u>August 16, 2019</u>                    */s/Stephen M. Raab /*
                                                                              Attorneys for Plaintiffs

Stephen M. Raab, # 53004
**Gutride Safier LLP**
113 Cherry Street, #55150
Seattle, WA 98140-2205
Telephone: (415) 639-9090 x109
stephen@gutridesafier.com

Marie A. McCrary, Esq. (pro hac vice)
**Gutride Safier LLP**
100 Pine Street, Suite 1250

San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469
marie@gutridesafier.com

DATED: August 16, 2019

*/s/Lauren W. Staniar /*
Attorneys for Defendants
Charles C. Sipos #32825
Lauren E. Staniar #48741
David T. Biderman, *pro hac vice forthcoming*
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: CSipos@perkinscoie.com
  LStaniar@perkinscoie.com
  DBiderman@perkinscoie.com

1     PURSUANT TO STIPULATION, IT IS SO ORDERED.

2     DATED this 10th day of September 2019.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE